James F. Rittinger
James Regan
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY  10169-0079
(212) 818-9200
*Attorneys for Defendant*
*The Gale Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
MARQUIS WHO'S WHO, LLC,                                       :
                                                              :
               Plaintiff,                  :   10-CV-7924 (DAB)
                                                              :
   -against-                                                :   **ANSWER**
                                                              :
                                                              :
THE GALE GROUP, INC.,                                         :
                                                              :
               Defendant.                  :
                                                              :
------------------------------------------------------------- x

      The Gale Group, Inc. ("Gale") for its Answer to plaintiff's Complaint, by and through its attorneys, Satterlee Stephens Burke & Burke LLP, hereby alleges as follows:

### AS TO THE NATURE OF THE ACTION

      1.    Denies each and every allegation contained in paragraph 1, except admits that it has recently discovered that from time to time certain customers were inadvertently permitted to continue to have access to plaintiff's content, but to the extent that Gale was paid by these customers for said access, plaintiff was paid the full amount of the royalty that it otherwise would have been paid for authorized access under the October 1, 2006 License Agreement between it and plaintiff.

      2.    Denies knowledge and information sufficient to form a belief with respect to paragraph 2.

3. With respect to paragraph 3, respectfully refers to true and accurate copies of the License Agreement and Database Agreement for a true and accurate interpretation of the terms and conditions contained therein.

4. Denies each and every allegation contained in paragraph 4, except as otherwise affirmatively averred in paragraph 1 hereof.

5. Denies each and every allegation contained in paragraph 5, except admits that it has acknowledged as affirmatively averred in paragraph 1 hereof.

## AS TO THE PARTIES

6. Denies knowledge and information sufficient to form a belief with respect to paragraph 6.

7. Admits the allegations contained in paragraph 7.

## AS TO JURISDICTION

8. With respect to paragraph 8, this paragraph alleges a legal conclusions to which no specific admission or denial is required.

9. With respect to paragraph 9, this paragraph alleges a legal conclusions to which no specific admission or denial is required.

## AS TO FACTUAL ALLEGATIONS

10. Denies knowledge or information sufficient to form a belief with respect to paragraph 10.

11. Generally admits the allegations contained in paragraph 11, except denies knowledge and information as to what is intended by the allegation that it "licenses its content for integration within on-line information services such as Dow Jones and Thomson Financial."

12. With respect to paragraph 12, respectfully refers to the Database Agreement for a true and accurate interpretation of the terms and conditions contained therein.

13. With respect to paragraph 13, respectfully refers to the Database Agreement for a true and accurate interpretation of the terms and conditions contained therein.

14. With respect to paragraph 14, respectfully refers to the "second agreement" for a true and accurate interpretation of the terms and conditions contained therein.

15. With respect to paragraph 15, respectfully refers to the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

16. Admits the allegations contained in paragraph 16 and respectfully refers to the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

17. With respect to paragraph 17, respectfully refers to the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

18. With respect to paragraph 18, respectfully refers to the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

19. Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 19, except affirmatively avers as set forth in paragraph 1 above.

20. With respect to paragraph 20, respectfully refers to the June 18, 2010 letter for a true and accurate description of the content thereof.

21. Denies each and every allegations contained in paragraph 21, except respectfully refers to the June 13, 2010 letter for a true and accurate description of the content thereof.

22. Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 22, except respectfully refers to its July 13, 2010 letter for a true and accurate description of the content thereof.

23. Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 23.

24. Denies each and every allegation in paragraph 24, except respectfully refers to a true and accurate copy of the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

25. Denies each and every allegation contained in paragraph 25.

### AS TO THE FIRST CAUSE OF ACTION

26. With respect to paragraph 26, repeats and realleges each and every denial, admission and affirmative averance with respect to paragraphs 1-25 as if fully set forth herein at length.

27. Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 27.

28. Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 28.

29. Denies knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph 29.

30. Denies each and every allegation contained in paragraph 30, except affirmatively avers as set forth in paragraph 1 above.

31. Denies each and every allegation contained in paragraph 31.

32. Denies each and every allegation contained in paragraph 32.

**AS TO THE SECOND CAUSE OF ACTION**

33. With respect to paragraph 33, repeats and realleges each and every denial, admission and affirmative averance with respect to paragraphs 1-32 as if fully set forth herein at length.

34. Denies each and every allegation contained in paragraph 34, except affirmatively avers as set forth in paragraph 1 above.

35. Denies each and every allegation contained in paragraph 35.

36. With respect to paragraph 36, respectfully refers to a true and accurate copy of the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

37. Denies each and every allegation contained in paragraph 37, except respectfully refers to a true and accurate copy of the License Agreement for a true and accurate interpretation of the terms and conditions contained therein.

38. Denies each and every allegation contained in paragraph 38.

## AS TO THE THIRD CAUSE OF ACTION

39. With respect to paragraph 39, repeats and realleges each and every denial, admission and affirmative averance with respect to paragraphs 1-38 as if fully set forth herein at length.

40. Denies each and every allegation contained in paragraph 40.

## AS TO THE JURY DEMAND

41. With respect to paragraph 41, repeats and realleges each and every denial, admission and affirmative averance with respect to paragraphs 1-40 as if fully set forth herein at length.

## FIRST AFFIRMATIVE DEFENSE

42. Plaintiff fails to state claims for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred in whole or part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred in whole or in part to the extent Plaintiffs fail or have failed to mitigate, minimize, and/or avoid purported damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff suffered no actual damage, financial or otherwise, as a result of the acts complained of.

### FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred to the extent its purported copyrights are not properly registered with the U.S. Copyright Office.

### SIXTH AFFIRMATIVE DEFENSE

47. Plainitff's claims are barred in whole or in part because Plaintiff's purported rights to the content of its Directories are not protectable under the Copyright Act.

### SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred in whole or in part because the Complaint was not filed within the applicable limitations periods.

### EIGHTH AFFIRMATIVE DEFENSE

49. The Database Agreement is subject to mandatory arbitration and to the extent the Complaint purports to seek relief thereunder, its sole remedy is within arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

(a) For judgment dismissing the Complaint herein and entering judgment for Defendant thereon;

(b) For judgment awarding Defendant its attorney's fees and costs; and

(c) For judgment awarding Defendant such other and further relief as the Court deems just.

Dated: December 3, 2010

Respectfully submitted,

By: *[signature]*

James F. Rittinger
James Regan
SATTERLEE STEPHENS BURKE &
BURKE LLP
230 Park Avenue
New York, New York  10169 0079
Tel.:  (212) 818 9200
*Attorneys for Defendant The Gale Group, Inc.*